[No. 30594-5-III.    Division Three.    January 22, 2013.]

DAVID SCHLOTFELDT ET AL., *Appellants*, v. BENTON COUNTY, *Respondent*.

890

*John S. Ziobro* (of *Telquist Ziobro McMillen PLLC*), for appellants.

*Andrew K. Miller, Prosecuting Attorney*, and *Ryan K. Brown* and *Ryan J. Lukson, Deputies*, for respondent.

¶1 BROWN, J. — Today, we consider an appeal under the Land Use Petition Act (LUPA), chapter 36.70C RCW. David and Charlotte Schlotfeldt applied for a special use permit to construct and operate a recreational vehicle park (RV Park). Benton County's Board of Adjustment (Board) conditionally approved their application but, to their dismay, partly on the basis that recreational vehicles could not remain in the RV Park for more than 180 days in any calendar year period. The Schlotfeldts unsuccessfully appealed to the Benton County Superior Court. They now contend the Board's LUPA decision (1) is an erroneous interpretation of the law, (2) is not supported by evidence that is substantial when viewed in light of the whole record before the court, (3) is a clearly erroneous application of the law to the facts, and (4) is arbitrary. We affirm.

## FACTS

¶2 The following facts derive primarily from unchallenged board findings of fact, thus verities on appeal. *Dep't of Labor & Indus. v. Tyson Foods, Inc.*, 143 Wn. App. 576, 582, 178 P.3d 1070 (2008).

¶3 The Schlotfeldts proposed use is an RV Park for RV, tent, and cabin camping. The RV Park was to have approximately 182 pad sites with a main clubhouse. The Schlotfeldts specifically limited RVs to motor homes, travel trailers, and fifth wheels. The site is zoned light industrial with surrounding properties zoned agriculture. Richland and Kennewick are the nearest cities to the site. In reviewing the Schlotfeldts' application, the Board noted, "The application for the RV Park did not address the length of stay for the RVs. Several of the surrounding property owners have asked about and commented about the RV staying year around and the RV Park becoming a residential subdivision." Clerk's Papers (CP) at 17. The Board further noted, "The Benton County Code does not have standards for length of stay in an RV Park." CP at 17. But, "the City of

Richland provides that a [sic] no RV shall remain in place in a[n] RV park for more than 12 months in a 14 month period." CP at 17. The Board noted, "The City of Kennewick only allows an RV to be in a[n] RV Park for 120 days in a 12 months [sic] period." CP at 17.

¶4 The Board conditionally approved the Schlotfeldts' application, partly requiring "[t]hat no recreational vehicle shall remain in the RV Park for more than 180 days in any calendar year period." CP at 20. Board members were concerned about the RV Park becoming a trailer park and originally proposed a 120-day stay. After one member expressed concern that individuals might stay in their RVs while building a house, the Board agreed 180 days was more reasonable. The Schlotfeldts unsuccessfully appealed the 180-day condition in superior court and appeal again here.

## ANALYSIS

### A. RCW 36.70C.130(1)

¶5 The issue is whether the trial court erred in dismissing the Schlotfeldts' LUPA petition and concluding the Board properly imposed a length of stay condition.

■ ¶6 LUPA governs judicial review of Washington land use decisions. *HJS Dev., Inc. v. Pierce County*, 148 Wn.2d 451, 467, 61 P.3d 1141 (2003). Relief from a land use decision may be granted if the petitioner carries its burden in establishing one of six standards of relief; three are relevant here:

(b) The land use decision is an erroneous interpretation of the law, after allowing for such deference as is due the construction of a law by a local jurisdiction with expertise;

(c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;

(d) The land use decision is a clearly erroneous application of the law to the facts.

RCW 36.70C.130(1). " 'When reviewing a superior court's decision on a land use petition, the appellate court stands in the shoes of the superior court.' " *HJS Dev.*, 148 Wn.2d at 468 (quoting *Citizens to Preserve Pioneer Park, LLC v. City of Mercer Island*, 106 Wn. App. 461, 470, 24 P.3d 1079 (2001)). " 'An appellate court reviews administrative decisions on the record of the administrative tribunal, not of the superior court.' " *HJS Dev.*, 148 Wn.2d at 468 (internal quotation marks omitted) (quoting *King County v. Boundary Review Bd.*, 122 Wn.2d 648, 672, 860 P.2d 1024 (1993)).

¶7 First, the Schotfeldts contend no authority exists to impose a length of stay limitation. Under subsection (d), the application of the law to the facts is clearly erroneous and thus reversible solely if we are "left with the definite and firm conviction that a mistake has been committed." *Phoenix Dev., Inc. v. City of Woodinville*, 171 Wn.2d 820, 828, 256 P.3d 1150 (2011) (citing *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 176, 4 P.3d 123 (2000)). Benton County Code (BCC) 11.52.090(d) allows the Board to impose conditions on proposed use to ensure the use:

(1) is compatible with other uses in the surrounding area or is no more incompatible than are any other outright permitted uses in the applicable zoning district;

(2) will not materially endanger the health, safety, and welfare of the surrounding community to an extent greater than that associated with any other permitted uses in the applicable zoning district;

(3) would not cause the pedestrian and vehicular traffic associated with the use to conflict with existing and anticipated traffic in the neighborhood to an extent greater than that associated with any other permitted uses in the applicable zoning district;

(4) will be supported by adequate service facilities and would not adversely affect public services to the surrounding area; and

(5) would not hinder or discourage the development of permitted uses on neighboring properties in the applicable

zoning district as a result of the location, size or height of the buildings, structures, walls, or required fences or screening vegetation to a greater extent than other permitted uses in the applicable zoning district.

¶8 Additionally, "If . . . reasonable conditions are not identified by the applicant so as to allow the Board of Adjustment to make the conclusions required above, the conditional use/special permit application shall be denied." BCC 11.52.090(d). Thus, the Board may impose reasonable conditions necessary for the issuance of the permit. Special permits to accommodate uses are *"permitted*, not prohibited, subject to the right of the municipality to impose conditions or to disapprove." *Sunderland Family Treatment Servs. v. City of Pasco*, 127 Wn.2d 782, 796, 903 P.2d 986 (1995) (citing 3 ROBERT M. ANDERSON, AMERICAN LAW OF ZONING 3D § 21.02 (3d ed. 1986)).

¶9 In its unchallenged finding, the Board found the proposed site was in a light-industrial zoned area with the surrounding properties zoned agricultural.[1] "[S]ingle-family dwellings" are located in the agricultural zone and a school is "[l]ocated about 1250 feet from the east end of the site." CP at 16. The Board also found, "[S]everal of the surrounding property owners have asked about and commented about the RV staying year around and the RV Park becoming a residential subdivision." CP at 17. The Board found, "When [RV owners] are allowed to remain in a RV Park long term they tend to store items such as freezers and other things outside." CP at 17. The Board then explained a length of stay restriction was needed "[t]o assure the RV Park does not become a facility for long-term living." CP at 17.

¶10 Here, restricting the time recreational vehicles may stay in one area would relate to protecting the compatibility of uses in the surrounding area (BCC 11.52-

---

[1] RV parks are now permitted in general commercial districts with a conditional use permit. BCC 11.52.090(a).

.090(d)(1)), and not hindering the development of permitted uses on neighboring properties (BCC 11.52.090(d)(5)). A residential subdivision would be inconsistent with a light industrial and agricultural area. Thus, a conditional use permit is appropriate. Therefore, the Schlotfeldts do not persuade us that there is a "definite and firm conviction that a mistake has been committed." *Phoenix Dev.*, 171 Wn.2d at 828 (citing *Wenatchee Sportsmen*, 141 Wn.2d at 176). Accordingly, they fail to establish the Board's decision was a clearly erroneous application of the law to the facts.

¶11 Second, the Schlotfeldts contend no evidence justifies a length of stay limitation. "When reviewing a challenge to the sufficiency of the evidence under subsection (c), we view facts and inferences in a light most favorable to the party that prevailed in the highest forum exercising fact-finding authority," in this case the county. *Phoenix Dev.*, 171 Wn.2d at 828-29. This process " 'necessarily entails acceptance of the factfinder's views regarding the credibility of witnesses and the weight to be given reasonable but competing inferences.' " *City of University Place v. McGuire*, 144 Wn.2d 640, 652-53, 30 P.3d 453 (2001) (quoting *State ex rel. Lige & Wm. B. Dickson Co. v. County of Pierce*, 65 Wn. App. 614, 618, 829 P.2d 217 (1992)). Under the substantial evidence standard, sufficient evidence must "persuade a reasonable person that the declared premise is true." *Phoenix Dev.*, 171 Wn.2d at 829. We do not weigh the evidence or substitute our judgment for the reviewing official's judgment. *Id.* at 832.

¶12 Single-family dwellings are located in the adjacent agriculture zone and a school is located about 1,250 feet from the east end of the site. Property owners were worried about the RV Park becoming a mobile home park and becoming a residential subdivision. The Board noted unfavorable conditions when RVs stay in one location for extended periods of time. Moreover, during the Board hearing, one of the county's planners stated, "I just don't want to see

it turn into a trailer park and not a[n] RV park." CP at 484. RCW 43.22.335(7) defines an RV as a vehicle-type unit primarily designed as temporary living quarters for recreational camping, travel, or seasonal use. Likewise, BCC 11.04.020(131) defines an RV as a motorized or nonmotorized vehicle for recreational use. A county planner observed, "Recreational vehicle[s] are not considered as permanent dwellings and should not be allowed to stay in the RV Park year round." CP at 434. Given these facts, substantial evidence supports the Board's decision to conditionally limit the length of stay in the proposed RV Park.

¶13 Third, the Schlotfeldts contend the Board's decision is an erroneous interpretation of law because the Board lacks the inherent authority to impose a length of stay limitation. RCW 36.70.130C(1)(b) is a question of law that this court reviews de novo. *Phoenix Dev.*, 171 Wn.2d at 828. While the county argues this issue was not raised below, the record shows otherwise.

¶14 Instructive is *State ex rel. Standard Mining & Development Corp. v. City of Auburn*, 82 Wn.2d 321, 328, 510 P.2d 647 (1973). There, our Supreme Court analyzed a challenge to conditions placed on a gravel mining operation. *Id.* at 322. The court noted the parties did not provide "authority holding that a zoning ordinance must specify standards for imposing the conditions under which a special use permit will be issued." *Id.* at 328. The court reasoned, " '[A] board with authority to grant a special permit has inherent power to attach conditions designed to carry out the purposes for which the permit requirement was imposed.' " *Id.* (quoting 3 ROBERT M. ANDERSON, AMERICAN LAW OF ZONING § 15.29 (1968)). The court held, "If the conditions imposed were reasonably calculated to achieve the purposes set forth in the comprehensive plan and were not unnecessarily burdensome, the court should not set them aside." *Id.* at 332.

¶15 Reasonably calculated conditions to protect adjacent land and to achieve legitimate zoning goals are

permitted. *See* BCC 11.52.090(d) (reasonable conditions may be necessary to ensure uses are compatible). The Board had inherent authority to impose conditions ensuring the use meets the county's zoning goals as set forth in BCC 11.52.090(d)(1)-(5). Concern over goals not being met was articulated by planning staff when they expressed concern over this development becoming a trailer park, a use for which the Schlotfeldts would not qualify based on the terms of their application. Indeed, our Supreme Court noted legitimate concerns in zoning decisions are to "stabilize the value of property, promote the permanency of home surroundings, and add to the happiness and comfort of the citizens." *Duckworth v. City of Bonney Lake*, 91 Wn.2d 19, 31, 586 P.2d 860 (1978). In sum, we conclude the Board had the authority to make decisions in harmony with these concerns.

## B. Arbitrariness

¶16 The issue is whether the Board's condition is random and arbitrary.

¶17 As discussed above, RCW 36.70C.130(1) sets forth the basis for relief from a land use decision. This statute is the " '*exclusive* means' " of review of land use decisions. *James v. Kitsap County*, 154 Wn.2d 574, 587, 115 P.3d 286 (2005) (quoting RCW 36.70C.030(1)). The Schlotfeldts' contention that the length of stay limitation is random, arbitrary, and absurd is not one of the reviewing factors. Their argument would best be categorized as a challenge to whether substantial evidence supports the limitation. And, as set forth above, substantial evidence exists to support the Board's limitation.

¶18 BCC 11.04.020(131) defines an RV as a motorized or nonmotorized vehicle for "recreational" use. The primary concern was RVs staying in the park year round, elevating the RV's use from recreational to residential. The county's condition states that "no recreational vehicle shall

remain in the RV Park for more than 180 days in any calendar year period." CP at 20. The Schlotfeldts argue this is absurd because an RV could stay for six months at the end of a calendar year and then come back January 1 for another six months. This argument suggests a potential enforcement dispute not before us. We will not offer a prohibited advisory opinion. *Bloome v. Haverly*, 154 Wn. App. 129, 141, 225 P.3d 330 (2010).

## C. Attorney Fees

¶19 The county requests attorney fees on appeal under RCW 4.84.370. RCW 4.84.370(1) states, "Notwithstanding any other provisions of this chapter, reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals." When a county's decision is appealed, the county "is considered a prevailing party if its decision is upheld at superior court and on appeal." RCW 4.84.370(2). The county's decision was upheld below and on appeal. Therefore, it is entitled to recover its attorney fees.

¶20 Affirmed.

SWEENEY and KULIK, JJ., concur.